UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02905

**Martinez Rocha,**
*Petitioner,*
v.
**Warden, T. Don Hutto Detention Center, et al.,**
*Respondents.*

## ORDER

Osman Onel Martinez Rocha is a native and citizen of Nicaragua currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing. Petitioner also requested a temporary restraining order and a preliminary injunction prohibiting, among other things, his transfer outside the district while his petition is pending, an order requiring he not be transferred or be given notice before he is transferred, expedited consideration, an order to show cause, an order requiring production of necessary records, release under alternatives to detention, a fair bond hearing, and consideration for parole. Because his detention is lawful, his petition and requests for injunctive relief are denied. Petitioner's remaining requests are also denied.

## BACKGROUND

Petitioner last entered the United States in 2022. Petitioner was apprehended by federal immigration authorities, placed in removal proceedings, and released on his own recognizance. Petitioner filed applications for asylum and

withholding of removal. Petitioner was detained by federal immigration authorities following a traffic stop on August 16, 2026. Petitioner is currently detained at the T. Don Hutto Detention Center in Taylor, Texas.

On August 20, 2026, Petitioner, through counsel, filed a petition for writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing. Pet. for Writ of Habeas Corpus, *Martinez Rocha v. Ortega, et al.*, No. 1:26-cv-02292 (W.D. Tex. Aug. 20, 2026), ECF No. 1. On September 21, 2026, the Court denied his petition. Order Denying Pet. for Writ of Habeas Corpus, *Martinez Rocha*, No. 1:26-cv-02292 (W.D. Tex. Sept. 21, 2026), ECF No. 7.

On October 13, 2026, Petitioner filed a second petition for writ of habeas corpus, *pro se*, contesting his detention and seeking immediate release or an individualized bond hearing. Petitioner also requested a temporary restraining order and a preliminary injunction prohibiting, among other things, his transfer outside the district while his petition is pending, an order requiring he not be transferred or be given notice before he is transferred, expedited consideration, an order to show cause, an order requiring production of necessary records, release under alternatives to detention, a fair bond hearing, and consideration for parole. The Court denied Petitioner's motion for a temporary restraining order on October 15, 2026. ECF No. 4. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress

authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Because Petitioner proceeds *pro se*, the Court liberally construes his arguments as claims that his pre-removal detention is unlawful because it violates due process, the Immigration and Nationality Act ("INA"), and the Suspension Clause. His arguments, however, fail.

Petitioner's lead argument is that his detention without a bond hearing violates both procedural and substantive due process. But the Fifth Circuit has rejected both arguments, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to

freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, 166 F.4th 837, 847, 856 (5th Cir. 2026) (en banc). Because Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing, *id.* at 845 (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A)), Petitioner's due process claim thus fails, *id* at 849.

To the extent Petitioner argues that his detention nonetheless violates due process because it is prolonged or indefinite, that argument fails too. "So long as an alien's detention pending removal has a definite termination point—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at 858 (cleaned up). Here, "removal remains a viable prospect," so "continued detention . . . does not violate due process." *Id.* The Due Process Clause therefore does not require granting the writ.

Petitioner's INA and Suspension Clause arguments fare no better for the reasons set forth in Parts I and IV of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026). Petitioner's INA claim fails because the Fifth Circuit has held that aliens similarly situated to Petitioner are "seeking admission" to the United States and are thus "subject to [the INA's] mandatory detention command." *Id.* at 722. Petitioner's previous release on recognizance does not alter his status as an applicant for admission subject to section 1225(b). *See Cardoso-Reyes v. Mullin*, 841 F. Supp. 3d 98, 102 (W.D. Tex. 2026); *see also Matter of Cabrera-Fernandez*, 28 I. & N. Dec. 747, 747 (B.I.A. 2023) (describing petitioners' release on recognizance as pursuant to conditional parole authority under 1226(a)). Petitioner's suspension clause argument is likewise meritless because "detained aliens under section 1225(b)(2)(A) have been challenging, and continue to challenge, the lawfulness of their detention through petitions for

writs of habeas corpus filed in district courts across the country." *Tapia*, 834 F. Supp. 3d at 727 (collecting cases).

Petitioner is also not entitled to an injunction against transfer outside this district or the United States with or without prior notice. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of this district. *See, e.g., Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a temporary restraining order barring the petitioner from being transferred from a district). He has provided no reason why his transfer with or without notice would be unlawful. Respondents are under no obligation to notify the Court prior to transferring or removing Petitioner. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no injunctive relief can be had. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits"). Petitioner's request for injunctive relief is denied.

The Court construes Petitioner's request to be considered for humanitarian parole as a request for an order requiring Respondents to consider him for humanitarian parole. This request is denied for two reasons. First, Petitioner presents no legal basis for such relief. Second, this relief is not available through a habeas petition. "[H]abeas is not available to review questions unrelated to the cause of detention." *Pierre*, 525 F.2d at 935. "[I]t cannot be utilized as a base for the review of a refusal to grant collateral administrative relief or as a springboard to adjudicate matters foreign to the question of the

legality of custody." *Id.* at 936. Petitioner's request for consideration for humanitarian parole is denied. Because Petitioner's petition is denied, Petitioner's requests for release under alternatives to detention, a fair bond hearing, expedited consideration, an order to show cause, and an order requiring production of necessary records are denied as moot.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 20, 2026.*

ANDREW DAVIS
United States District Judge